IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERNIX IRELAND PAIN LTD and<br>PERNIX THERAPEUTICS, LLC,<br><br>　　*Plaintiffs*,<br><br>　　v.<br><br>ALVOGEN MALTA OPERATIONS LTD.,<br><br>　　*Defendant*. | Civil Action No. 16-139-WCB |

## ORDER REGARDING TRIAL PROCEDURES

The trial of this case is scheduled to begin on June 11, 2018, in Wilmington, Delaware. Set forth below are the Court's proposed procedures for governing the conduct of the trial. At the pretrial conference scheduled for May 11, 2018, the Court will entertain objections to any of these provisions and suggestions for other measures to be adopted. Absent objection, the following procedures will be employed:

　　1. Instead of opening statements, each party may prepare a narrative statement no more than 20 pages in length, double-spaced, setting forth the party's legal contentions and a summary of the evidence the party expects to elicit from each witness. Those statements shall be filed and served by 5:00 p.m. on June 4, 2018.

　　2. The Court expects that all objections to exhibits will be resolved prior to trial and that all exhibits used at trial will be subject to admission without further objection.

　　3. At the start of trial, counsel will provide a list of witnesses and exhibits to the Court, the courtroom deputy, and the court reporter.

　　4. Requests for the exclusion of witnesses from the courtroom should be made before opening statements. Although any exclusion order does not prevent counsel from talking with

excluded witnesses during recess about their expected testimony, there must be no disclosure of courtroom testimony given to the excluded witnesses by any person. The parties should advise the Court whether they wish the rule governing the exclusion of witnesses to preclude covered witnesses from being present during opening statements.

5. Counsel may not speak to a witness during any mid-day recess that occurs while the witness is testifying on direct examination, cross-examination, or redirect examination. If a witness's testimony is not concluded by the end of a trial day, counsel and other persons may speak to the witness about matters other than his or her testimony, but neither counsel nor any other person may speak to the witness about his or her testimony. After testifying, a witness is deemed released unless counsel or the Court indicates that the witness is not so excused.

6. Counsel is responsible for having sufficient witnesses available so that the trial may proceed without early adjournments or lengthy recesses. If counsel fails, without good cause, to have sufficient witnesses available, the Court may terminate the party's case at that time. Plaintiff's counsel should keep defendant's counsel advised of the progress of the plaintiff's case so that the defendant may be ready to proceed promptly following the conclusion of the plaintiff's case in chief. Similarly, defendant's counsel should keep plaintiff's counsel advised of the progress of the defendant's case so that the plaintiff may be ready to proceed with the plaintiff's rebuttal case promptly following the conclusion of the defendant's case.

7. Promptly after court adjourns each day, counsel shall notify opposing counsel of the names of witnesses who are expected to testify the following day.

8. Each witness will be questioned on direct examination by only one attorney, and only one attorney will be responsible for cross-examination of that witness. Only the attorneys who

are responsible for examining and cross-examining a witness will participate in making and responding to objections regarding that witness's testimony.

9. All objections and other remarks to the Court will be made while standing. Each objection must be accompanied by a statement of the grounds for the objection, but the statement of grounds should be succinct. If argument is needed, the Court will so indicate. Counsel should endeavor to anticipate evidentiary questions or disputes and, if possible, bring them to the attention of the Court ahead of time and not in the course of a witness's testimony.

10. Normally, the trial will begin promptly at 9:00 a.m. and end at approximately 6:00 p.m. each day, with a one-hour lunch break and 15-minute breaks in the morning and the afternoon. In the interest of efficiency, those time periods will be strictly adhered to. The Court will be available for at least one half-hour before the beginning of trial each day to deal with evidentiary questions or other procedural matters. The Court will also be available at the end of the trial day to address any matters that need resolution at that time. If counsel are aware in advance of any such matter that needs to be addressed either before or after the trial session, counsel should advise the courtroom deputy or law clerk and give notice to opposing counsel.

11. Counsel will be permitted to bring drinking water to counsel table during the trial, either in bottles or in cups, but not other beverages.

12. Each side will be allowed 12 hours to present its case. Those time limits will include cross-examination but will not include closing arguments.

13. Closing arguments will be held after the submission of post-trial briefs, at a date and time to be determined.

14. In the event of settlement, counsel for the parties shall promptly notify the Court.

IT IS SO ORDERED.

SIGNED this 24th day of April, 2018.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE